PROB 12C
(6/16)

Report Date: February 24, 2022

## United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

2/24/22

SEAN F. MCAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Charles D West     Case Number: 0980 2:14CR00066-EFS-2

Address of Offender:     Spokane Valley, Washington 99212

Name of Sentencing Judicial Officer:  The Honorable Edward F. Shea, Senior U.S. District Judge

Date of Original Sentence: December 12, 2014

Original Offense:     Bank Robbery, 18 U.S.C. § 2113(a)

Original Sentence:    Prison - 3345 days;              Type of Supervision: Supervised Release
                      TSR - 36 months

Amended Sentence:     Prison - 2265 days
(October 5, 2016)     TSR - 36 months

Asst. U.S. Attorney:  Timothy J. Ohms              Date Supervision Commenced: August 13, 2020

Defense Attorney:     Kathryn Lucido               Date Supervision Expires: August 12, 2023

## PETITIONING THE COURT

To issue a summons and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 11/03/2021, 11/17/2021 and 12/2/2021.

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number | Nature of Noncompliance

5 | **Special Condition #22:** The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** It is alleged that Mr. West violated the terms of his supervised release by failing to appear for a random urinalysis, on about January 11, 2021.

On August 13, 2020, Mr. West was given a copy of his judgment and his conditions of supervision were explained to him. He signed his judgment reflecting he understood his conditions in full, which includes the above-noted special condition number 22.

Mr. West is enrolled in random drug testing at Pioneer Human Services (PHS). He is expected to call the testing line daily to determine if he is required to submit to testing that same day.

Prob12C
Re: West, Charles D
February 24, 2022
Page 2

PHS staff reported that on January 11, 2022, Mr. West failed to appear for a random urinalysis.

Mr. West later indicated he got into an argument with his treatment provider that day and left PHS, forgetting to drug test. He indicated he later returned to the facility to test, but they had closed early that day.

It was later discovered that PHS did not close their doors early, but Mr. West had attempted to test during a treatment group session, which is prohibited.

It should be noted that on January 12, 2022, he appeared for a "make up" drug test. That sample was sent to the lab for additional testing. The lab report noted the sample to be a dilute specimen, which is indicative of someone trying to flush their system to avoid detection of drug use.

6  **Special Condition #22:** The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence:** It is alleged that Mr. West violated the terms of his supervised release by failing to appear for a random urinalysis, on or about February 3, 2022.

On August 13, 2020, Mr. West was given a copy of his judgment and his conditions of supervision were explained to him. He signed his judgment reflecting he understood his conditions in full, which includes the above-noted special condition number 22.

Mr. West is enrolled in random drug testing at Pioneer Human Services (PHS). He is expected to call the testing line daily to determine if he is required to submit to testing that same day.

PHS staff reported that on February 3, 2022, Mr. West failed to appear for a random urinalysis.

Mr. West later indicated he was again exposed to COVID-19 and was advised by PHS staff not to come to the building for testing. Mr. West never made any effort to discuss this with the undersigned. It was not until February 8, 2022, when the undersigned confronted him regarding him failing to appear for testing on February 3, 2022, that he claimed he was turned away from testing due to this alleged COVID-19 exposure.

Mr. West was asked to provide proof that he was turned away from testing on February 3, 2022, but he has failed to do so.

It should also be noted that on February 2, 2022, he appeared for a random drug test at PHS. That sample was sent to the lab for additional testing. The lab report noted the sample to be a dilute specimen, which is indicative of someone trying to flush their system to avoid detection of drug use.

Prob12C
Re: West, Charles D
February 24, 2022
Page 3

|   |   |
|---|---|
| 7 | **Special Condition #22:** The defendant shall abstain from the use of illegal controlled substances, and shall submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence:** It is alleged that Mr. West violated the terms of his supervised release by consuming a controlled substance, amphetamine and methamphetamine, on or about February 10, 2022

On August 13, 2020, Mr. West was given a copy of his judgment and his conditions of supervision were explained to him. He signed his judgment reflecting he understood his conditions in full, which includes the above-noted special condition number 22.

On February 8, 2022, a sweat patch was applied to Mr. West in response to his failure to appear for a random urinalysis on February 3, 2022. On February 10, 2022, the sweat patch was removed and sent to the lab for testing. The lab report noted a positive presence for amphetamine and methamphetamine.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 02/24/2022

s/Melissa Hanson

Melissa Hanson
U.S. Probation Officer

Prob12C
Re: West, Charles D
February 24, 2022
Page 4

THE COURT ORDERS

[ ] No Action
[ ] The Issuance of a Warrant
[ ] The Issuance of a Summons
[X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[X] Defendant to appear before the Magistrate Judge.
[ ] Other

_____
Signature of Judicial Officer

February 24, 2022
Date